

**Joshua M. Agins**
Partner
Direct Dial: 585.454.0759
Direct Facsimile: 585.423.5910
*JAgins@hodgsonruss.com*

October 20, 2025

***Via CM/ECF & Electronic Mail***

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
   Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

   **Re:** ***Nurah Abdulhaqq et al. v. Sarah Lawrence College, the House Committee on Education and the Workforce, and Tim Walberg*** **(Case No. 25-cv-06442)**

Dear Judge Seibel:

  On behalf of Sarah Lawrence College, I write pursuant to the Court's Individual Rules of Practice to request a pre-motion conference and/or briefing schedule on our forthcoming Motion to Dismiss.

  On March 27, 2025, the U.S. House of Representatives' Committee on Education and Workforce issued a press release stating it was seeking answers from five institutions of higher education, including Sarah Lawrence, regarding their responses to the rise in antisemitism on their campuses. Also on March 27, the House Committee sent a letter informing Sarah Lawrence of the Committee's undertaking and requesting documents.[1] Plaintiffs object to the Committee's requests and assert "the College is not an antisemitic environment[.]" Complaint, at p. 7, ¶ 40. This is one of several lawsuits involving First Amendment claims based on the Committee's investigations of alleged antisemitism at universities across the country. One such case was dismissed earlier this year. *Fakhreddine v. Univ. of Penn.*, 2025 U.S. Dist. LEXIS 16373 (E.D. Pa. Jan. 30, 2025). Another such case is pending before Judge Subramanian and awaits decisions on Rule 12 and preliminary injunction motions. *Khalil v. Trs. of Columbia Univ. in the City of New York*, SDNY Case No. 1:25-cv-02079-AS. As in *Fakhreddine*, many of the Complaint's defects are not curable and should result in dismissal of the action.

    **A. Plaintiffs Cannot Plead a First Amendment Claim Against Sarah Lawrence**

  As a private college, Sarah Lawrence is not a state actor and is not subject to First

---

[1] Letter from Representatives Tim Walberg and Burgess Owens to Sarah Lawrence College (Mar. 27, 2025), *available at* https://edworkforce.house.gov/uploadedfiles/ltr_sarah_lawrence_coll_3.27.2025.pdf. The Committee sent a second letter on June 11, 2025. Letter from Representatives Tim Walberg and Burgess Owens to Sarah Lawrence College (June 11, 2025), *available at* https://edworkforce.house.gov/uploadedfiles/letter_to_sarah_lawrence_6.11.25.pdf.

Hon. Cathy Seibel, U.S.D.J.
October 20, 2025
Page 2



Amendment claims.  *See, e.g., Siyu Yang v. Eastman Sch. of Music*, 2022 U.S. App. LEXIS 9340, at *3-4 (2d Cir. April 7, 2022) (summary order).  Sarah Lawrence did not transform into a state actor when it responded to the Committee's document requests.  *See, e.g.*, *Guan N. v. NYC Dep't of Educ.*, 2013 U.S. Dist. LEXIS 102988, at *13 n.8 (S.D.N.Y. July 23, 2013) ("mere furnishing of information to government officials is insufficient" to establish state action); *Fakhreddine*, 2025 U.S. Dist. LEXIS 16373, at *10-13 (Penn did not engage in state action by complying with House Committee's requests).  Plaintiffs' bold theory that Sarah Lawrence needed to "refuse voluntary compliance" or "sue the Committee itself" (Complaint, ¶ 73) to preserve its status as a private actor has no legal support.

      Additionally, the First Amendment claim is moot because the Complaint discloses the very information that Plaintiffs seek to protect, including their names and disciplinary histories.  Further, any theoretical future injury from additional disclosures is too speculative to confer Article III standing.  Plaintiffs speculate that Sarah Lawrence *may* produce de-identified records;[2] these de-identified records *may* contain information about Plaintiffs; the Committee *may* publish these records; and then unspecified third parties *may* dox and harass Plaintiffs.  This "accumulation of inferences" is "simply too speculative" to establish standing.  *Shain v. Ellison*, 356 F.3d 211, 216 (2d Cir. 2004); *Fakhreddine*, 2025 U.S. Dist. LEXIS at *8 (plaintiffs' contention that Penn's disclosure of documents to the Committee will cause "unknown and unnamed third parties" to "harass Plaintiffs" is "not enough to make out standing").

### B.  Plaintiffs' Discrimination Claims Suffer from Several Fatal Defects

      Plaintiffs' Title VI and New York Human Rights Law claims are based on a scattershot of conclusory buzzwords.  Charitably read, the Complaint appears to suggest two theories: (1) direct discrimination by the College, and (2) deliberate indifference by the College.  The core defects, on which the College will elaborate in its Motion, include the following.

      **First**, "[a]t bottom, [P]laintiffs' claim is one for viewpoint discrimination, which is not actionable under Title VI."  *Kastenbaum v. President & Fellows of Harvard Coll.*, 743 F. Supp. 3d 297, 310 (D. Mass. Aug. 6, 2024) (dismissing claim by students who alleged "Harvard's enforcement of its policies against antisemitic speech and conduct evinces an 'invidious double standard.'").  Plaintiffs allege the College and House Committee targeted them to "suppress[] . . . disfavored speech" labeled "antisemitic" due to a "facially unconstitutional" definition of antisemitism.  Complaint, ¶¶ 1, 3-4.  Allegedly, even "Jewish people who criticize the Israeli state and Zionism are tarred as antisemites like anyone else."  *Id.*, ¶ 4.  By Plaintiffs' telling, the adverse actions resulted from the content of their "disfavored speech" and "political ideology" (*id.*, ¶ 3), not from their "race, color, or national origin" as required by Title VI.  Title VI, 42 U.S.C. § 2000d.

---

 [2] Sarah Lawrence is mindful of its obligations under the Family Educational Rights and Privacy Act, 20 U.S.C. ¶ 1232f, 34 CFR Part 99 ("FERPA"), and has redacted student names and identifying information from the documents produced to the House Committee.  Further, the College has not produced documents from specific student disciplinary matters. In contrast to the students in the Columbia University case who filed under "Doe" pseudonyms, Plaintiffs here filed their Complaint using their legal names.

Hon. Cathy Seibel, U.S.D.J.
October 20, 2025
Page 3



**Second**, Plaintiffs allege they were treated differently than other groups, but their theory is conclusory and boilerplate: "As Palestinian, Arab and Muslim students and their supporters, [Plaintiffs] are more severely punished than others similarly situated, for equivalent alleged violations of student conduct." Complaint, ¶ 64. The Complaint fails to state a claim because it does not identify the comparators, describe their allegedly comparable conduct, or explain the discipline they received. *See, e.g.*, *Nnebe v. City of New York*, 2023 U.S. Dist. LEXIS 16480, at *37 (S.D.N.Y. Jan. 30, 2023) (allegations "fail to support a plausible inference of discrimination [for Title VII claim] because [plaintiff] does not claim that the alleged comparators engaged in conduct of comparable seriousness."). For substantially the same reasons, Plaintiffs fail to state a claim for *associational* discrimination, even if such a theory of liability exists. *See, e.g.*, *Fukelman v. Delta Air Lines, Inc.*, 2020 U.S. Dist. LEXIS 94455, at *18 (E.D.N.Y. May 29, 2020) ("Plaintiffs have not alleged sufficient facts to give rise to an inference of associational discrimination, even in light of their non-conclusory factual allegations concerning unjustified discipline by Defendant.").

**Third**, Plaintiffs' deliberate indifference / hostile environment theory also fails for several reasons. Plaintiffs merely allege in conclusory fashion that the College was deliberatively indifferent to "threats and defamation" (Complaint, ¶ 148), without identifying the so-called "threats" or the alleged perpetrator(s), except for one plaintiff being called an "antisemite" on social media. Complaint, ¶ 103. This is insufficient to state a claim as to that plaintiff, and especially so as to the other plaintiffs. *See, e.g.*, *Roe v. St. John's Univ.*, 91 F.4th 643, 661-62 (2d Cir. 2024) ("The district court properly dismissed Roe's hostile environment claim because the alleged harassment of Roe through an allegedly defamatory tweet in this case was not 'so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d Roe] of access to the educational opportunities or benefits provided by the school.'"). Further, it is improper for Plaintiffs to plead their claims as a monolith; they must plead factual allegations *specific to each Plaintiff*. Finally, Plaintiffs also fail to allege any material educational deprivation; and two Plaintiffs allege they have already graduated. (Complaint, ¶¶ 87, 112).

### C. Plaintiffs' Claim For "Breach of Contract—Tedeschi Rights" Must Also Be Dismissed

Count IV, entitled "Breach of Contract – Tedeschi Rights," is an amalgamation of concepts without any viable—or even coherent—claim. First, the Complaint fails to identify any purported contract. *Bailey v New York Law Sch.*, 2021 U.S. App. LEXIS 34926, at *12 (2d Cir. Nov 24, 2021) ("While a contract can be formed when a school accepts a student for enrollment, a plaintiff must identify specific and discrete promises that were allegedly broken to state a breach of contract claim."). Second, general concepts such as "due process, equal protection, and academic freedom" (Complaint, ¶ 165) are insufficient to form the basis for a contract claim. *See, e.g.*, *Nungesser v Columbia Univ.*, 169 F. Supp. 3d 353, 370 (S.D.N.Y. 2016) ("[g]eneral policy statements and broad and unspecified procedures and guidelines will not suffice" nor will "a general statement of a university's adherence to existing anti-discrimination laws") (quotation omitted). Third, Plaintiffs fundamentally misinterpret *Tedeschi v. Wagner Coll.*, 49 N.Y.2d 652 (1980), the case on which they attempt to create a new substantive right that does not exist.

Hon. Cathy Seibel, U.S.D.J.
October 20, 2025
Page 4



    We appreciate the Court's consideration of this request for a pre-motion conference and/or a scheduling order for the College's forthcoming Motion to Dismiss.

Respectfully submitted,

Joshua M. Agins

CC:    All Counsel via CM/ECF and E-Mail