| | U.S. HOUSE OF REPRESENTATIVES | |
|---|---|---|
| MATTHEW BERRY<br>GENERAL COUNSEL | **OFFICE OF GENERAL COUNSEL** | SALLY CLOUSE<br>ASSOCIATE GENERAL COUNSEL |
| TODD B. TATELMAN<br>DEPUTY GENERAL COUNSEL | 5140 O'NEILL HOUSE OFFICE BUILDING<br>WASHINGTON, DC 20515-6532 | ANDY T. WANG<br>ASSOCIATE GENERAL COUNSEL |
| BROOKS M. HANNER<br>ASSOCIATE GENERAL COUNSEL | (202) 225-9700<br>FAX: (202) 226-1360 | KEN DAINES<br>ASSISTANT GENERAL COUNSEL |

November 4, 2025

**Via ECF**
Hon. Cathy Seibel, U.S. District Judge
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Nurah Abdulhaqq, et al., v. Sarah Lawrence College, et al.*, **No. 7:25-cv-06442**
             **Pre-Motion Conference Letter**

Dear Judge Seibel:

      Defendants the Committee on Education and Workforce of the U.S. House of Representatives ("Committee"), and the Honorable Tim Walberg, Chairman of the Committee, (the "Congressional Defendants") hereby request a pre-motion conference as they intend to move to dismiss based on insufficient service of process. Given that the Court has set a telephonic pre-motion conference for 10:30 a.m. on November 25, 2025 at the request of defendant Sarah Lawrence College for their putative motion to dismiss, *see* ECF Nos. 10 & 11, Congressional Defendants respectfully request that its pre-motion conference be set for the same date and time.

      Under Fed. R. Civ. P. 4(m), "Time Limit for Service":

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Plaintiffs filed their Complaint on August 5, ECF No. 1, they were required to complete service by November 3. However, as of the date of this letter, Plaintiffs have not properly served Congressional Defendants.

      As explained by a prior letter filed by Congressional Defendants, *see* ECF No. 7, the Rules state that to serve a federal defendant in its official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). In turn, "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought … or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* at 4(i)(1)(A)(i)-(ii). In addition, a party must "send a copy of [the

summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* at 4(i)(1)(B).

Here, Plaintiffs emailed undersigned counsel (who was authorized to accept service) a copy of the Complaint and Summons on August 19. Plaintiffs then, for reasons unclear, mailed Congressional Defendants the Complaint and Summons on September 30, which were received on October 8. But there is no record of Plaintiffs requesting a summons for the United States, *see* ECF No. 3 (Plaintiffs' request for summons does not include the United States), or Plaintiffs serving the United States under Rule 4(i)(1), *see* ECF No. 5 (Plaintiffs explaining service on Congressional Defendants but not on the United States); *Fowler v. City of New York*, No. 13-cv-2372, 2015 WL 9462097, at *4 (E.D.N.Y. Dec. 23, 2015) ("[T]he record is clear that plaintiff has not effectuated proper service of process … [where] the docket reflects that plaintiff did not present proposed summonses to, or obtain summonses from, the Clerk of Court. Plaintiff also has not filed proof of proper service [as required by Rule 4(l)(1)]."), *aff'd*, 807 F. App'x 137 (2d Cir. 2020). Indeed, the Chief of the Civil Division for the U.S. Attorney's Office for the Southern District of New York has confirmed to undersigned counsel that as of the date of this letter, his office has not been served. Plaintiffs have thus failed to complete service within the 90-day time limit specified by Rule 4(m).

Congressional Defendants intend to move to dismiss under Rule 12(b)(5) for insufficient service of process,[1] *see Bellis v. Tokio Marine & Fire Ins. Co.*, No. 93-cv-6549, 2002 WL 193149, at *15 (S.D.N.Y. Feb. 7, 2002) ("Rule 12(b)(5) is the proper provision to challenge 'the mode of delivery or the lack of delivery of the summons and complaint.'" (citation omitted)), and request that the Court set a pre-motion conference for 10:30 a.m. on November 25, 2025.

Sincerely,

/s/ *Andy T. Wang*
Andy T. Wang
  *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
andy.wang@mail.house.gov

*Counsel for Congressional Defendants*

cc: All Counsel via CM/ECF and E-Mail

---

[1] Congressional Defendants do not waive, and will raise at an appropriate later time if and when service has been properly effectuated, other defenses based on Rule 12(b)(1) (lack of subject-matter jurisdiction) and Rule 12(b)(6) (failure to state a claim upon which relief can be granted). *See* Fed. R. Civ. P 12(h)(2) & (3).