**Jonathan Wallace, Esq.**
PO #728
Amagansett, New York 11930
917-359-6234
jonathan.wallace80@gmail.com

November 17, 2025

Hon. Cathy Seibel
United States District Judge
Southern District of New York

By Efiling

                                      *Re: Abdulhaq v. Sarah Lawrence*
                                      *7:25-cv-06442*

Dear Judge Seibel:

      I am counsel to plaintiffs and write in response to Defendant House Committee's pre-motion letter.

      On Tuesday, August 19, 2025, Defendant's counsel, Andrew Wang, responded to my email to which I had attached the filed summons and complaint: "The House Office of General Counsel has been authorized by the Committee and Chairman Walberg to accept service of process in this matter. While we cannot waive the required service on the United States per FRCP 4(i), we can accept service copies on behalf of the Committee and Chairman Walberg and are happy to do so electronically".

      As a *pro bono* lawyer who relies on volunteer help, I will not be able to confirm whether we did serve a copy on the United States before tomorrow's deadline, as the individual who aided me with service is traveling, and I unfortunately do not have access to those materials, for which I apologize to this Court. I will be ready to answer this question at the conference on the 25th-- unless this Court would like me to file a supplementary letter before then.

      However, we reject counsel's contention that we were required to ask the Clerk to issue a summons naming the United States. In two recent cases in which the Defendant House Committee was also sued, *Bedi v. The United States House of Representatives Committee on Education and Workforce*, 1:25-cv-03837 (ND Ill. 2025), and *Khalil v. The Trustees of Columbia University in the City of New York,* 1:25-cv-02079 (SDNY 2025)[1] , the docket does not indicate a request for, nor issuance of, a summons to, the United States-- nor does this alleged jurisdictional default appear to have been raised in these cases.

---

1  Mr. Wang also represents the Defendant in that case.

***I have no help to send, therefore I must go myself***

      I found no indication in Rule 4 or a quick review of the case law that the United States is required to be named as a party in every lawsuit against an agency or government subdivision-- yet that would be the effect, and import, of issuance of a summons to the United States in this case. Instead, the clear implication of Rule 4 is merely that the United States must be served a copy of pleadings against any other federal entity, *Kurzberg v Ashcroft,* 619 F3d 176, 178, n 3 (2d Cir 2010) (in case turning on whether U.S, was served, " we assume that the United States is not a separate party").

      If in fact we did not serve the United States as required, we respectfully request an extension of time under Rule 4(m), which allows this Court to "order that service be made within a specified time". Since the defendant House Committee had notice of the action, and the dismissal of the Complaint for a failure of service would be without prejudice, *Smithers v Specth,* 677 F App'x 722, 723 (2d Cir 2017) (the three year statute of limitations has not run), Defendant would not be prejudiced by the extension of time.

      Sincerely,

      /s/ Jonathan Wallace

**I have no help to send, therefore I must go myself**