**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**


November 17, 2025


Hon. Cathy Seibel
United States District Judge
Southern District of New York

By Efiling

                                    Re: *Abdulhaq v. Sarah Lawrence*
                                    *7:25-cv-06442*


Dear Judge Seibel:

I am counsel to plaintiffs and write in response to Defendant Sarah Lawrence College's pre-motion letter.

Plaintiffs join in the request that this Court set a briefing schedule for the Defendant's motion to dismiss. Their brief in opposition will make the following arguments:

An action against a Congressional committee and a university for the latter's compliance with an information request lacking a proper legislative purpose, states a cause of action under Rule 12, under *United States v Am. Tel. & Tel. Co.,* 567 F2d 121 (1977), and cases citing it, which clearly envision and permit actions against the institution receiving a House subpoena, without naming the House as a party ("[T]he fact that the [plaintiff] is not in a position to assert its claim of constitutional right by refusing to comply with a subpoena does not bar the challenge so long as members of the Subcommittee are not, themselves, made defendants in a suit to enjoin implementation of the subpoena").   One District Court to consider the issue directly held that the person or entity named in a subpoena had standing to sue the recipient independently of the House; in *Republican Natl. Comm. v Pelosi,* 602 F Supp 3d 1, 23 (DDC 2022), v*acated as moot when subpoena was withdrawn*, 2022 U.S. App. LEXIS 26068 (D.C. Cir. 2022),  the District Court held: "Here, if Salesforce produces the materials at issue, the RNC's injuries will occur. That is enough to make the RNC's injuries fairly traceable to Salesforce....A favorable ruling from the Court on the merits of any of the RNC's challenges to the subpoena would bar Salesforce from complying with it, either in whole or in part. Thus, just as causation is satisfied, so is redressability."

Under the circumstances, contrary to Defendant's representation, there is no requirement that the private university be construed as a state actor.


*I have no help to send, therefore I must go myself*

The discrimination claim also states a cause of action. A hostile environment or custom and practice of discrimination can be engendered by a university's failure to resist government or community pressure to discriminate against members of its own community, *Doe v. Columbia Univ.,* 831 F.3d 46, 57 (2nd Cir 2016) ("University's administration was cognizant of, and sensitive to" "substantial criticism of the University, both in the student body and in the public media"); *Doe v Univ. of the Sciences,* 961 F.3d 203, 210 (3d Cir. 2020) ("[A]lleged university overreaction to ….public pressure is relevant to alleging a plausible....discrimination claim"). Unresisted pressure from the federal government can also foster discrimination by the  university, *Doe v. Columbia Univ.,supra* (pressure from Department of Education "Dear colleague" letter)*; Menaker v Hofstra Univ.,* 935 F3d 20, 34 (2d Cir 2019) ("Menaker has plausibly alleged facts that suggest at least some pressure on Hofstra to react more forcefully to allegations of male sexual misconduct (e.g., the  "Dear Colleague" Letter, a Department of Education investigation, and student criticism)"). Here, the Defendant failed to resist, in fact, leaned into, the House Committee's overt, rampant Islamophobia, as Plaintiffs will show on the motion and at trial). The history of the Committee's malicious and relentless targeting of individuals, and that of the House in general back to the McCarthy era, indicates that harm is not speculative. "[T]here is no congressional power to expose for the sake of exposure" *WATKINS v UNITED STATES,* 354 US 178, 200 (1957); *Hentoff v Ichord,* 318 F Supp 1175, 1182 (D.D.C. 1970) ("The Court notes the increasing tendency of the legislative branch to investigate for exposure's sake").

Finally, the breach of contract cause of action should also survive a Rule 12 motion, in that the Defendant's acceptance of tuition and the students' expectations based on student code created a contract by which the Defendant was bound.   "[W]hen a university has adopted a rule or guideline establishing the procedure to be followed in relation to suspension or expulsion that procedure must be substantially observed", *Tedeschi v. Wagner Coll.,* 49 N.Y.2d 652, 660 (1980);  *Gelita, LLC v. 133 Second Ave., LLC,*  984 N.Y.S.2d 631, 631 (Supreme Court, New York County 2014) ("[C]ovenant of good faith and fair dealing is implied in every contract....Since plaintiffs have stated a breach of contract claim, and such claim is merely subject to notice pleading standards, it is premature and indeed unnecessary to precisely circumscribe the viable scope of plaintiffs' breach of contract claim")

Sincerely,

/s/ Jonathan Wallace

*I have no help to send, therefore I must go myself*