MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

SALLY CLOUSE
ASSOCIATE GENERAL COUNSEL

ANDY T. WANG
ASSOCIATE GENERAL COUNSEL

KEN DAINES
ASSISTANT GENERAL COUNSEL

February 2, 2026

**Via ECF**
The Honorable Cathy Seibel, U.S. District Judge for the Southern District of New York
The Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    *Nurah Abdulhaqq, et al., v. Sarah Lawrence College, et al.*, No. 7:25-cv-06442

Dear Judge Seibel:

Congressional Defendants submit this letter to explain why Count I (Plaintiffs' sole claim against Congressional Defendants) must be dismissed under Fed. R. Civ. P. 12(b)(1) and (6).

**I.**    **Background**

Since the October 7, 2023, Hamas terrorist attacks in Israel, many have raised concerns that universities, including Sarah Lawrence College (SLC), have become hotbeds of antisemitism, resulting in hostile educational environments for Jewish students. The Committee on Education and Workforce of the U.S. House of Representatives (Committee), having been delegated the House's legislative jurisdiction related to education, is investigating what, if any, legislative fixes are needed to address this situation. To determine the appropriateness of new laws, the Committee must examine the administration and effectiveness of existing ones. As a result, the Committee sent two letters to SLC last year requesting pertinent information. In response, SLC produced redacted records shielding from disclosure student names and other PII as SLC believed to be required by the Family Educational Rights and Privacy Act (FERPA). ECF No. 9 at 2 n.2. While the Committee's overarching investigation is ongoing, because SLC has produced the requested documents, the Committee does not have any pending or future requests for SLC, including any requests for unredacted records.

**II.**    **The Court Lacks Subject-Matter Jurisdiction Over the Congressional Defendants**

    **a.**  **The Speech or Debate Clause Bars Plaintiffs' Suit and Requested Relief**

The Speech or Debate Clause mandates that "for any Speech or Debate in either House, [Members] shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl. 1. The Clause absolutely protects "actions of the [Committee that] fall within the 'sphere of legitimate legislative activity.'" *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 501 (1975). Here, the Committee's letters to SLC seeking information are protected legislative acts because the "power to investigate" is within the legitimate legislative sphere. *See id.* at 504; *see also Watkins v. United States*, 354 U.S. 178, 187 (1957) ("The power of the Congress to conduct investigations is inherent in the legislative process."). That is so because a "legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the

The Honorable Cathy Seibel
February 2, 2026
Page 2

legislation is intended to affect or change." *Eastland*, 421 U.S. at 504. The Committee's legislative purpose is conducting oversight of SLC's (and other universities') application of Title VI of the Civil Rights Act of 1964 and examining if further legislation is needed to stem the tide of antisemitism on college campuses. As a result, its "information gathering letters constitute protected legislative acts," *Ass'n of Am. Physicians & Surgeons v. Schiff*, 518 F. Supp. 3d 505, 518 (D.D.C. 2021), for which Congressional Defendants are immune from suit.

The Clause also "affords Congress a 'privilege to use materials in its possession without judicial interference.'" *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1086 (D.C. Cir. 2017). For instance, in *Doe v. McMillan*, a House committee investigated the D.C. public school system and published its findings in a report that "specifically named students." 412 U.S. 306, 307-08 & n.1 (1973). While the students' parents sued to "enjoin[] the defendants from further publication, dissemination, and distribution" of the report, *id*. at 309, the Supreme Court flatly rejected their request, stating that "it is plain to us that the complaint in this case was barred by the Speech or Debate Clause." *Id*. at 312. As the Court explained, the "Clause was designed to assure a co-equal branch of the government wide freedom of speech, debate and deliberation without intimidation or threats," and the Clause "includes within its protections anything 'generally done in a session of the House.'" *Id*. at 311.

Congressional Defendants are thus immune from this suit, and the Clause bars any relief that Plaintiffs seek, including a declaration that the Committee's letters were unlawful, or an injunction against "[d]isclosing, publishing, distributing, or otherwise making use of confidential or FERPA-protected information referring or relating to Plaintiffs." ECF No. 1 at 36.

### b. Plaintiffs Lack Standing

To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiffs fail to meet these requirements. Plaintiffs allege that their injury is the "exposure of … private correspondence leading to doxing, harassment, and other forms of harm." ECF No. 1 ¶ 88. But nowhere do Plaintiffs allege that the Committee has publicized or will publicize documents it has received from SLC about them, much less that the Committee's investigation has resulted in any doxing or harassment. *See, e.g.*, *id*. ¶ 112 (conceding that one of the plaintiffs "has not yet been doxed or harassed"). Separately, the "release of information to the Congress does not constitute 'public disclosure,' … [and] courts must presume that the committees of Congress will exercise their powers responsibly and with due regard for the rights of affected parties." *Exxon Corp. v. FTC*, 589 F.2d 582, 589 (D.C. Cir. 1978). Further, given that the produced student records are redacted, even if they were publicized, they would be non-identifying. As to traceability, Plaintiffs allege that non-party actors are the ones who will do the harassing and doxing, which means that even if there were an injury, it would be "th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). Finally, because the Speech or Debate Clause absolutely protects the Committee's right to request and use information, Plaintiffs cannot as a matter of law plausibly allege that their injury is "likely to be redressed by a favorable judicial decision." *Spokeo,* 578 U.S. at 338.

The Honorable Cathy Seibel
February 2, 2026
Page 3

    c. **Plaintiffs' Suit Is Not Ripe and/or Is Moot**

As noted above, Plaintiffs demand that the Committee be prohibited from using "confidential or FERPA protected-information referring or relating to Plaintiffs." ECF No. 1 at 36. But because SLC redacted student names and their PII from the records produced consistent with FERPA, the Committee never received FERPA-protected information, or confidential information referring or relating to the student-Plaintiffs, to begin with. *See* ECF No. 9 at 2 n.2. Nor are there any outstanding or forthcoming requests to SLC, including for unredacted documents. Since "ripeness overlaps with the standing doctrine, most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical," *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 149 (2d Cir. 2021), Plaintiffs' suit is not ripe because "it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013). To the extent Plaintiffs allege injury from the Committee's investigation itself, "the relief sought … is no longer needed" because the Committee has no further requests for SLC, meaning Plaintiffs' suit is also moot. *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

    d. **Sovereign Immunity Bars Plaintiffs' Claim for Damages**

Sovereign immunity bars Plaintiffs' damages "claim[] against … Congress as a body of the federal government." *Maarawi v. U.S. Cong.*, 24 F. App'x 43, 44 (2d Cir. 2001). While sovereign immunity can be waived, any such waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiffs "bear[] the burden to show that Congress waived sovereign immunity … ." *Grossman v. United States*, No. 19-cv-9191, 2019 WL 5887365, at *2 (S.D.N.Y. Nov. 8, 2019). Here, Plaintiffs cannot point to any relevant waiver of sovereign immunity, and thus their claim for compensatory damages is precluded.

### III. Count I Fails to State a Claim Upon Which Relief Can Be Granted

For Count I, Plaintiffs fail to plausibly allege that the Committee has unlawfully coerced SLC into producing records or punishing speech. SLC is also not a state actor.

Plaintiffs appear to rely on "jawboning," arguing that the Committee is coercing SLC to suppress Plaintiffs' speech. But Plaintiffs fail to plausibly allege that the Committee has coerced SLC to do anything, much less produce records or suppress speech. Plaintiffs plainly concede that the Committee's letters are not a "subpoena or compulsory legal process" and requested only the "College's voluntary compliance." ECF No. 1 ¶ 15. Moreover, Plaintiffs point to nowhere the Committee has threatened to cut SLC's federal funding for any purpose, including if it does not produce records, which is what Plaintiffs' suit is purportedly about. Additionally, "the First … Amendment[ ], do[es] not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" *Cooper v. USPS*, 577 F.3d 479, 491 (2d Cir. 2009). But Plaintiffs admit that SLC is a private university. ECF No. 1 ¶ 7. In a similar lawsuit filed against the University of Pennsylvania, the court held that responding to the Committee's letter did not constitute state action. *See Fakhreddine v. Univ. of Pa.*, No. 24-cv-1034, 2025 WL 345089, at *5-6 (E.D. Pa. Jan. 30, 2025); *see also*, *e.g.*, *Budowich v. Pelosi*, 610 F. Supp. 3d 1, 19 (D.D.C. 2022) ("JPMorgan did not engage in state action when it complied with the congressional subpoena.").

The Honorable Cathy Seibel
February 2, 2026
Page 4

Sincerely,

/s/ *Andy T. Wang*
Andy T. Wang
  *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
andy.wang@mail.house.gov

*Counsel for Congressional Defendants*

cc: All Counsel via CM/ECF and E-Mail