**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**

March 20, 2026

Hon. Cathy Seibel
United States District Judge
Southern District of New York

                               Re: *Abdulhaqq  v. Sarah Lawrence*
                               7:25-cv-06442

Dear Judge Seibel:

    I am counsel to plaintiffs and file this letter motion pursuant to Local Rule 37.2  requesting a conference  regarding a possible motion to obtain limited discovery from Defendant College  as to subject matter jurisdiction. I also wish to call Your Honor's attention to the decision which came down yesterday in *Khalil v. Columbia* 25-cv-2079 (SDNY 2025), a copy of which is attached.

    In yesterday's order, Judge Subramanian held that Columbia is a state actor as a result of the coercion exercised by the House Committee, and that Plaintiffs, Columbia students, can proceed to litigate its compliance with the Committee's information request letters. Judge Subramanian also dismissed the Committee itself on Speech and Debate clause grounds; however, the Complaint in that case, unlike the First Amended Complaint just filed in this one, did not describe the Committee members' outrageous Islamophobia, fundamentalism and vengefulness, as expressed both in their social media postings and interviews, and in statements made during hearings and in Committee reports. In short, Judge Subramanian, on the papers before him, showed a deference to the Committee which Plaintiffs believe will not be an appropriate exercise of discretion on the record in this case.

    Both Defendants, in their pre-motion letters, indicated their plans to challenge subject matter jurisdiction under FRCP 12(b)(1). It is well-settled that this Court has discretion to order limited discovery pertaining to subject matter in advance of deciding a motion to dismiss, *Filus v Lot Polish Airlines,* 907 F2d 1328, 1332 (2d Cir 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue"); *Alliance for Envtl. Renewal, Inc. v Pyramid Crossgates Co.,* 436 F3d 82, 88 (2d Cir 2006) (Grant of "limited discovery on the jurisdictional issue"); *Brocsonic Co. v M/V Mathilde Maersk*, 120 F Supp 2d 372, 375 (SDNY 2000), *aff'd* 270 F.3d 106 (2ⁿᵈ Cir. 2001); *1964 Realty LLC v Consulate of the State of Qatar-New York,* 2015 US Dist LEXIS 118547, at *23 (SDNY Sep. 4, 2015) ("Therefore, limited jurisdictional discovery as to these factual issues, along with additional briefing as to the applicable law, is necessary before the Court can make any determination as to actual authority"); *Robinson v Blank,* 2013 US Dist LEXIS 72068, at *17-20 (SDNY Feb. 22, 2013)  ("[W]here a plaintiff's Article III standing has been placed in issue on a Rule 12(b)(1) motion, the court may choose to decide the motion based on limited discovery"); *Burlington Ins. Co. v MC&O Masonry, Inc.,* 2018 US Dist LEXIS 111998, at *7 (EDNY July 5, 2018, No. 1:17-cv-02892-FB-SMG) ("The parties shall conduct limited discovery to determine the identity and citizenship of the members of FSLM and First Avenue").

*1*

By a letter dated March 10, addressed and emailed to Defendant College's counsel Joshua Agins, a copy of which is attached,  I suggested that we meet and confer regarding the production to us of copies of all files relating to Plaintiffs produced to the Committee by the Plaintiffs, and all emails, letters and other correspondence and communications by and between the College and the Committee pertaining to the information requested in and compliance with the Committee's two letters to the College. There was no response.

This limited discovery would bear on the College's argument that it is not a state actor; any challenge it makes to standing; and on the Committee's assertion that it was exercising a valid legislative purpose. By directing this discovery only to the College, we create no burden on the Committee which could be argued to violate Speech and Debate clause immunity. Nor can the Committee claim such immunity regarding communications and files received from, or its communications with, the College.

This Court may note, as is also set forth in the March 10 letter, that Plaintiffs have a legal right to see much of this information under FERPA.

Plaintiffs respectfully request this Court to grant Plaintiffs leave to make a motion seeking the limited discovery described, and asking this Court to set a revised briefing schedule for motions and responses which incorporates sufficient time for discovery before the motions are fully briefed and submitted.

Sincerely,

/s/ Jonathan Wallace