# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NURAH ABDULHAQQ, *et al.*,

        *Plaintiffs*,

    v.

SARAH LAWRENCE COLLEGE, *et al.*,

        *Defendants*.

Case No. 7:25-cv-06442-CS

## <u>CONGRESSIONAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>

MATTHEW B. BERRY
   *General Counsel*
TODD B. TATELMAN
   *Deputy General Counsel*
ANDY T. WANG
   *Associate General Counsel*
KENNETH C. DAINES
   *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
matthew.berry@mail.house.gov

*Counsel for Congressional Defendants*

June 10, 2026

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

I.     This Court Lacks Subject Matter Jurisdiction ................................................................ 1

     A.     The Speech or Debate Clause Bars Count I ............................................................ 1

     B.     Plaintiffs Have Not Established Standing ................................................................ 5

     C.     Because Congressional Defendants Are Necessary Parties to Count I Under Rule 19, Count I Must Be Dismissed in Its Entirety .................................... 8

     D.     Plaintiffs Concede That the Case Is Not Ripe, It Is Moot, and Sovereign Immunity Bars Their Claim for Damages .............................................................. 9

II.     Plaintiffs' First Amendment Claim Fails ....................................................................... 9

     A.     Plaintiffs Do Not Plausibly Allege Coercion ......................................................... 9

     B.     SLC Is Not a State Actor ....................................................................................... 10

CONCLUSION ......................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Budowich v. Pelosi,*
    610 F. Supp. 3d 1 (D.D.C. 2022) .................................................................................................10

*Doe v. McMillan,*
    412 U.S. 306 (1973)....................................................................................................................1

*Doe v. University of Sciences,*
    961 F.3d 203 (3d Cir. 2020)......................................................................................................10

*Doe 1 v. Gov't of United States Virgin Islands,*
    771 F. Supp. 3d 379 (S.D.N.Y. 2025)........................................................................................6

*Eastland v. U.S. Servicemen's Fund,*
    421 U.S. 491 (1975)................................................................................................................1, 2

*Fakhreddine v. Univ. of Pennsylvania,*
    No. 24-cv-1034, 2025 WL 345089 (E.D. Pa. Jan. 30, 2025).....................................................10

*Fluent v. Salamanca Indian Lease Auth.,*
    928 F.2d 542 (2d Cir. 1991).......................................................................................................9

*Gambles v. Sterling Infosystems, Inc.,*
    234 F. Supp. 3d 510 (S.D.N.Y. 2017).....................................................................................5, 6

*Gravel v. United States,*
    408 U.S. 606 (1972)...........................................................................................................1, 3, 4

*Haber v. United States,*
    823 F.3d 746 (2d Cir. 2016).......................................................................................................7

*Hentoff v. Ichord,*
    318 F. Supp. 1175 (D.D.C. 1970) ...........................................................................................3, 4

*Hutchinson v. Proxmire,*
    443 U.S. 111 (1979)...................................................................................................................3

*Kenshoo, Inc. v. Aragon Advert., LLC,*
    586 F. Supp. 3d 177 (E.D.N.Y. 2022) ......................................................................................10

*Khalil v. Trs. of Columbia Univ. in N.Y.C.,*
    No. 25-cv-2079, 2025 WL 1019425 (S.D.N.Y. Apr. 4, 2025) ..................................................4

*Khalil v. Trs. of Columbia Univ. in N.Y.C.*,
　No. 25-cv-2079, 2026 WL 775813 (S.D.N.Y. March 19, 2026) ......................................4, 8, 9

*Molchatsky v. United States,*
　778 F. Supp. 2d 421 (S.D.N.Y. 2011), *aff'd,*
　713 F.3d 159 (2d Cir. 2013) .................................................................................................7

*Monegro v. St. Insider Dot Com Inc.,*
　No. 21-cv-3339, 2022 WL 445797 (S.D.N.Y. Feb. 11, 2022) ...............................................5

*Rangel v. Boehner,*
　785 F.3d 19 (D.C. Cir. 2015) ...............................................................................................2

*Reed Int'l, Inc. v. Afghanistan Int'l Bank,*
　657 F. Supp. 3d 287 (S.D.N.Y. 2023) ..................................................................................7

*Regan v. Vill. of Pelham*,
　No. 19-cv-7987, 2021 WL 1063320 (S.D.N.Y. Mar. 19, 2021) .............................................5

*Reid v. United States,*
　No. 19-cv-1221, 2020 WL 3256331 (E.D.N.Y. June 15, 2020) ...........................................11

*RNC v. Pelosi,*
　602 F. Supp. 3d 1 (D.D.C. 2022), *vacated,*
　No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022) ................................................8

*SEC v. Comm. On Ways & Means,*
　161 F. Supp. 3d 199 (S.D.N.Y. 2015) ..................................................................................7

*Ross v. Port Chester Hous. Auth.,*
　No. 17-cv-4770, 2019 WL 4738941 (S.D.N.Y. Sept. 27, 2019) .........................................5, 9

*United States v. Johnson*,
　383 U.S. 169 (1966) ............................................................................................................2

*Watkins v. United States*,
　354 U.S. 178 (1957) ............................................................................................................3

**Other Authorities**

Todd Garvey, Cong. Rsch. Serv., R45043,
　*Understanding the Speech or Debate Clause* (2017) ...............................................................3

Case 7:25-cv-06442-CS    Document 43    Filed 06/10/26    Page 5 of 18

*Voluntary, Black's Law Dictionary* (12th ed. 2024) ..............................................................10, 11

iv

**INTRODUCTION**

Setting aside Plaintiffs' counsel's strained analysis of American history, overheated rhetoric, thoughts on other litigation, quotations from his personal blog, and general musings, Plaintiffs' Opposition to House Committee's Motion To Dismiss brings to mind Gertrude Stein's famous observation: "there is no there there."  Plaintiffs' Opposition effectively ignores most of Congressional Defendants' jurisdictional arguments: any responses to Congressional Defendants' Speech or Debate Clause (Clause), standing, and Rule 19 arguments are cursory (and misguided) at best and replete with misleading mischaracterizations of prevailing case law, and Plaintiffs offer no legal arguments at all regarding mootness, ripeness, or sovereign immunity.  As to the merits, Plaintiffs fail to address the specific deficiencies identified by Congressional Defendants regarding their First Amendment claim.  Accordingly, each of Congressional Defendants' arguments in their Motion separately warrants dismissal of Count I of Plaintiffs' First Amended Complaint (FAC).

**ARGUMENT**

**I.      This Court Lacks Subject Matter Jurisdiction**

Plaintiffs do not appreciably rebut any of the arguments that Congressional Defendants advanced in their Motion for why this Court lacks subject matter jurisdiction.

**A.      The Speech or Debate Clause Bars Count I**

The Speech or Debate Clause provides, among other things, absolute immunity from suit for all actions "within the 'legislative sphere.'"  *Doe v. McMillan*, 412 U.S. 306, 312 (1973) (quoting *Gravel v. United States*, 408 U.S. 606, 624-25 (1972)).  If a challenged action "fall[s] within the 'sphere of legitimate legislative activity,'" a suit challenging it cannot proceed. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 501 (1975).  Motive and intent are irrelevant

1

to this inquiry: "[I]n determining the legitimacy of a congressional act we do not look to the motives alleged to have prompted it."  *Id*. at 508; *see also* ECF 31 at 12.

Despite this, Plaintiffs' main pushback against the application of the Clause relies on statements allegedly made by certain Committee Members.  *See* ECF 42 at 9-13.  Plaintiffs argue that "[a]ttention must be paid to such statements," and that they are not protected by the Speech or Debate Clause, even if "uttered on the floor of the house."  *Id*. at 10, 13.  Plaintiffs could not be more wrong.

First, the contents of these statements, or motives underlying them, are utterly irrelevant. Speech or Debate immunity does not turn on whether Plaintiffs believe a legislative investigation is improper or illegitimate, much less on the alleged motives of individual Committee members. *See Eastland*, 421 U.S. at 508-09 ("[M]ere allegation that [the Committee's] valid legislative act was undertaken for an unworthy purpose [cannot] lift the protection of the Clause … ."); *Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015) ("Instead of looking into the defendants' 'motive or intent,' the standard for determining whether an act is legislative 'turns on the nature of the act' itself." (citation omitted)).  Indeed, when Congress investigates in "times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and [just] as readily believed.  [But] [t]he wisdom of congressional approach or methodology is not open to judicial veto."  *Eastland*, 421 U.S. at 509 (citation omitted).

Second, the core function of the Clause is to protect what Members say or do on the floor of the House.  *See United States v. Johnson*, 383 U.S. 169, 173-76 (1966) (explaining the "constitutional infirmity infecting [the] prosecution" of Congressman Thomas Johnson was "ask[ing] Johnson specifically about certain sentences in [a] speech [he gave on the House floor], the reasons for their inclusion and his personal knowledge of the factual material supporting

2

those statements"); *Hutchinson v. Proxmire*, 443 U.S. 111, 130 (1979) ("A [defamatory] speech by [Senator] Proxmire in the Senate would be wholly immune."). After all, that is to what "Speech or Debate" literally refers. And because the Clause affords an "absolute" immunity, Plaintiffs' confusing attempt to draw a distinction between evidence and liability is wrong. *See* ECF 42 at 13. "The Clause's general immunity principle is perhaps best understood as complemented—and effectuated—by two component privileges that courts have viewed as emanating from the Clause. The evidentiary component of the Clause prohibits evidence of legislative acts from being introduced for use against a Member." Todd Garvey, Cong. Rsch. Serv., R45043, *Understanding the Speech or Debate Clause* 4 (2017).

The remainder of Plaintiffs' rebuttal regarding the Speech or Debate Clause consists of inapposite citations.

Plaintiffs cite *Watkins v. United States*, 354 U.S. 178 (1957), to argue that Congress may act for an improper purpose and lose protection under the Clause. *See* ECF 42 at 12. But *Watkins* is not a Speech or Debate Clause case—rather, it deals with legislative power more generally. *See* 354 U.S. at 199-200. In any event, Plaintiffs' bare assertions that the Committee's intent in seeking the records is for the sake of exposure, ECF 25 ¶¶ 6, 113, 210, does not make it so. And as *Watkins* clearly indicates, "motives of committee members" "alone would not vitiate an investigation which had been instituted by a House of Congress if that assembly's legislative purpose is being served." 354 U.S. at 200.

Plaintiffs also misapply *Gravel* and *Hentoff v. Ichord*, 318 F. Supp. 1175 (D.D.C. 1970). ECF 42 at 11-12. In *Gravel*, Senator Gravel arranged to publish the Pentagon Papers with a private publisher. 408 U.S. at 608-13. The Supreme Court dismissed the Senator and his aide because of the immunity afforded by the Clause, but it did not extend the Clause's protection to

3

the publisher. *See id.* at 622-27. Likewise, in *Hentoff*, Plaintiff sued both Congressional Committee Members and the printer that would print the Committee report at issue. 318 F. Supp. at 1176. The Court in *Hentoff* applied the Clause and dismissed the Members, holding that "legislative activities are not limited to speech or debate on the floor of Congress" and that "the Court will take no action which limits the use that individual Congressmen choose to make of the Report or its contents on or off the floor of Congress. No injunction is appropriate against any Congressman named defendant." *Id.* at 1179. But like *Gravel*, *Hentoff* did not extend the Clause's protections to the printer and therefore enjoined it. *Id.* at 1180-83.

*Gravel* and *Hentoff* stand for the unremarkable proposition that only legislators, their aides, and other Legislative Branch entities are protected by the Clause. The cases did not hold that the Court may enjoin the publication of a Congressional report or that the Clause's protections in civil actions are not absolute. *Contra* ECF 42 at 12. In fact, Plaintiffs entirely misstate *Hentoff*'s holding when they assert that the court "granted an injunction against the House Committee" in that case. *Id.* Here, contrary to *Hentoff* and *Gravel*, because "[P]laintiffs seek relief *against the Congressional defendants* … and the Clause acts as a jurisdictional bar against such requests," *Khalil v. Trs. of Columbia Univ. in N.Y.C.*, No. 25-cv-2079, 2025 WL 1019425, at *1 (S.D.N.Y. Apr. 4, 2025) (emphasis added)), Count I must be dismissed.[1]

---

[1] Plaintiffs note that *Hentoff* found the Congressional report at issue in that case lacking in legislative purpose. *See* ECF 42 at 13-14. But this does not help Plaintiffs here. First, as already explained, the committee there was nonetheless dismissed from the case. Second, *Hentoff* predates several seminal Supreme Court Speech or Debate Clause opinions, such as *Doe* (1973) and *Eastland* (1975), that established how courts must defer to Congress's stated legislative purposes, and so this aspect of *Hentoff* has been abrogated. Third, just as Judge Subramanian determined regarding Columbia University, the Committee here has a legislative purpose in investigating SLC. *See Khalil v. Trs. of Columbia Univ. in N.Y.C.*, No. 25-cv-2079, 2026 WL 775813, at *4 (S.D.N.Y. March 19, 2026).

### B.    Plaintiffs Have Not Established Standing

At best, Plaintiffs' Opposition asserts vague, irrelevant, or speculative future injuries without any clear link to the actions of Congressional Defendants challenged in this case. Because Plaintiffs fail to establish a cognizable injury, causation, or redressability, dismissal of Count I for lack of standing is appropriate.

As an initial matter, Plaintiffs fail to contest Congressional Defendants' argument that Plaintiffs have not shown how Professor Gardinier's alleged injuries at the hands of Professor Abrams are traceable to the Committee's actions. *See* ECF 31 at 16-17. Plaintiffs thus concede that Professor Gardinier lacks standing under Count I. *See Ross v. Port Chester Hous. Auth.*, No. 17-cv-4770, 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) ("[T]he failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims.").[2]

The student Plaintiffs' alleged injuries fare no better. While the Opposition makes a vague, unsupported allegation that "twenty-something people of color … have been bullied, threatened, and doxed … by the House Committee," ECF 42 at 7, this bare unsupported assertion is not sufficient to establish injury-in-fact, *see Monegro v. St. Insider Dot Com Inc.*, No. 21-cv-

_____

[2] Professor Gardinier's declaration, ECF 39, should be disregarded because "[t]he Court may not … consider[] any factual allegations that were introduced for the first time in either Plaintiff's opposition affidavit or briefs because 'courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss.'" *Regan v. Vill. of Pelham*, No. 19-cv-7987, 2021 WL 1063320, at *4 (S.D.N.Y. Mar. 19, 2021) (citation omitted). In any case, her declaration does not reference the alleged defamation by Professor Abrams and instead makes vague references to "the climate of fear and intimidation" *her students* have experienced and her *staff colleagues'* "reluctance to participate in political activities," without any clear mention of her own alleged injury. *See* ECF 39 at ¶¶ 21-22. "[A]lthough a plaintiff 'has standing to seek redress for injuries done to him, [he or she] may not seek redress for injuries done to others.'" *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 518 (S.D.N.Y. 2017) (second alteration in original) (citation omitted).

3339, 2022 WL 445797, at *2 (S.D.N.Y. Feb. 11, 2022). Further, Plaintiffs fail to address the gravamen of Congressional Defendants' standing argument: there is no injury because all student PII has been redacted and the Committee does not intend to ask for any such information in the future. *See* ECF 31 at 5 & n.10, 15-17. As a result, any fear of "exposure of … private correspondence leading to doxing, harassment, and other forms of harm," ECF 25 ¶ 163, by student Plaintiffs is far too attenuated and speculative to constitute an injury-in-fact. Rather than rebutting this argument, Plaintiffs now resort to vague allegations of being "directly targeted for their ethnicity and views by the House Committee," ECF 42 at 8, and having a "well-founded fear the House Committee will defame [them]," *id.* at 9.[3] These too are inadequate to establish standing.[4]

Moreover, Plaintiffs offer nothing to shore up their causation and redressability problems; the fact remains that their allegations require future harassment and doxing by non-party actors, and the Speech or Debate Clause prevents any relief to redress any injury. *See* ECF 31 at 16-17.

Perhaps recognizing these deficiencies, Plaintiffs again request jurisdictional discovery.[5] The Court should deny this request. A party seeking jurisdictional discovery bears the burden of demonstrating why it is needed and that "the requested discovery is *likely* to produce the facts

---

[3] Plaintiffs frequently allege that the Committee has or will "defame" Plaintiffs. *See, e.g.*, ECF 42 at 7, 9, 15, 16. These unsubstantiated defamation allegations have no bearing on the First Amendment suit Plaintiffs chose to bring here.

[4] Like Professor Gardinier's declaration, Plaintiff Sana Cheema's declaration introduces new facts not in the FAC that should be disregarded. *Supra* n. 2. In any event, her speculative allegations of future "potential consequences of the Committee's actions" and "potentiality of doxing and harassment," as well as vague references that she has "felt hostility that only continues to get worse," ECF 38 ¶¶ 7-11, are insufficient to establish standing for herself, much less for other student Plaintiffs, *see Gambles*, 234 F. Supp. 3d at 518.

[5] Before motions to dismiss were filed, Plaintiffs filed a letter-motion requesting jurisdictional discovery from SLC, which the Court denied. *See* ECF 26.

needed to establish jurisdiction." *Doe 1 v. Gov't of United States Virgin Islands*, 771 F. Supp. 3d 379, 398 (S.D.N.Y. 2025) (citation omitted) (emphasis added). A court is not obligated to grant jurisdictional discovery if a party does not articulate "a reasonable basis for the court first to assume jurisdiction." *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 298 (S.D.N.Y. 2023) (citation omitted). Setting aside the insurmountable jurisdictional barrier that is the Speech or Debate Clause, Plaintiffs' "request" for discovery is essentially a glob of string cites without any explanation or elaboration for why this request is needed. *See* ECF 42 at 18-20. Indeed, Plaintiffs completely fail to explain what such discovery would accomplish, how the sought information would bear on the critical issue of jurisdiction, or even what information they seek. Thus, Plaintiffs have not demonstrated why jurisdictional discovery is needed. *See Haber v. United States*, 823 F.3d 746, 753-54 (2d Cir. 2016).

The most that Plaintiffs assert is that "factual development will likely be indispensable," apparently because this is a First Amendment case, *see* ECF 42 at 19-20, thus necessitating jurisdictional discovery. But Plaintiffs must first show how the requested jurisdictional discovery is "likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013) (citation omitted). This is particularly apt where the party seeking discovery "is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id.* (citation omitted); *SEC v. Comm. On Ways & Means*, 161 F. Supp. 3d 199, 235, 239 (S.D.N.Y. 2015) (noting the Speech or Debate Clause protects legislators against "the burden of defending a lawsuit," and that "[d]iscovery procedures can prove just as intrusive"). Because Plaintiffs fail to demonstrate how their requested discovery is *likely* to produce facts

7

needed to overcome immunity under the Clause (or other jurisdictional issues) and such discovery would contravene the Constitution's shielding of Congress from the burdens of defending this suit, their request for jurisdictional discovery must be denied.

### C.      Because Congressional Defendants Are Necessary Parties to Count I Under Rule 19, Count I Must Be Dismissed in Its Entirety

Plaintiffs' Opposition fails to address the relevant Rule 19(b) factors or Second Circuit precedent addressing how those factors should apply when a necessary part is immune from suit. *See* ECF 31 at 18-22.  Instead, Plaintiffs' only response to Congressional Defendants' Rule 19 argument is that Congress is not a necessary party here based on *RNC v. Pelosi*, 602 F. Supp. 3d 1 (D.D.C. 2022), *vacated*, No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022) and *Khalil*, 2026 WL 775813, at *9.  *See* ECF 42 at 16-17.  Their contention is unpersuasive.

As for *RNC*, Plaintiffs claim that it is a Rule 11 violation for House counsel not to have cited this "controlling authority."  ECF 42 at 17.  But to state the obvious, a vacated district court opinion from the District of Columbia is not controlling upon courts in this district.  More importantly, *RNC* does not help Plaintiffs.  There, a Congressional Committee subpoenaed Salesforce for RNC documents.  *RNC*, 602 F. Supp. 3d at 10-14.  The RNC sued that Committee and Salesforce.  *Id*.  The court dismissed the Committee on Speech or Debate Clause grounds, *id*. at 17-21, and noted that as to Salesforce, it was *not* ruling on the Rule 19 issue, which "would require dismissal of the entire action if House Defendants were indispensable parties" because "the Court finds against the RNC on all its claims *on other grounds*," *id*. at 24 (emphasis added). *RNC* also distinguished cases where "the congressional defendants had intervened—that is, they were not 'made defendants' involuntarily—rendering the Clause inapplicable."  *Id.* at 22.  As a result, *RNC* sidestepped the Rule 19 issue.

As to *Khalil*, Congressional Defendants respectfully disagree with that court's cursory analysis of Rule 19, which simply failed to address the relevant Second Circuit test. *Compare Khalil*, 2026 WL 775813, at *9 *with Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 548 (2d Cir. 1991). Applied here, that test weighs decisively against proceeding against SLC on Count I without Congressional Defendants. *See* ECF 31 at 18-22.

### D. Plaintiffs Concede That the Case Is Not Ripe, It Is Moot, and Sovereign Immunity Bars Their Claim for Damages

Nothing in Plaintiffs' Opposition can be reasonably interpreted to address these arguments that Congressional Defendants made in their Motion. Indeed, the words "ripe" or "ripeness," "moot" or "mootness," and "sovereign immunity" do not appear in Plaintiffs' Opposition. These arguments are therefore conceded. *See Ross*, 2019 WL 4738941, at *7.

## II. Plaintiffs' First Amendment Claim Fails

Plaintiffs also fail to rebut Congressional Defendant's arguments explaining why the FAC fails to state a claim upon which relief can be granted.

### A. Plaintiffs Do Not Plausibly Allege Coercion

Plaintiffs' Opposition does not appreciably rebut Congressional Defendants' arguments on coercion, including that there is no plausible allegation that any of the Committee's letters threaten SLC with a loss of funding (or anything else) if SLC does not comply with the Committee's request for information. *See* ECF 31 at 24-25. Instead, Plaintiffs double down on general, conclusory assertions lacking factual support. *See, e.g.*, ECF 42 at 10 (asserting that the Committee is "jawboning and bullying the nation's universities, seeking the suppression of disfavored speech and the elimination of diversity"); *id.* at 4 n.6 (asserting without support that

9

the Committee "is pressuring the College to suspend or expel" student Plaintiffs).[6]  Such

allegations are "just as infirm as legal conclusions," *Kenshoo, Inc. v. Aragon Advert., LLC*, 586

F. Supp. 3d 177, 186 (E.D.N.Y. 2022), and are inadequate to state a jawboning claim.

> **B.      SLC Is Not a State Actor**

Likewise, Plaintiffs fail to rebut Congressional Defendants' arguments pertaining to state

action.  First, Plaintiffs ignore cases like *Budowich v. Pelosi*, 610 F. Supp. 3d 1 (D.D.C. 2022),

and fail to square how their coercion theory comports with the overwhelming caselaw holding

that even *compulsory* legal process does not convert private actors into state actors.  While

Plaintiffs cite *Doe v. University of Sciences*, that case is inapposite; the case was not about state

action but rather whether a federal agency's Dear Colleague Letter was relevant to alleging a

plausible breach-of-contract claim against a university.  *See* 961 F.3d 203, 214 (3d Cir. 2020).

Second, rather than attempting to distinguish *Fakhreddine v. Univ. of Pennsylvania*, No.

24-cv-1034, 2025 WL 345089 (E.D. Pa. Jan. 30, 2025), Plaintiffs' counsel attacks the judge,

stating that "Judge Goldberg[] [made a] false statement that I conceded that the University had

not been coerced."  ECF 42 at 18.  But *Fakhreddine* simply quoted the operative complaint in

that case, which was drafted by Plaintiffs' counsel.  It is undeniable that in both the operative

complaint in that case, and the FAC here, "Plaintiffs concede that the Committee's letters

requested only the 'College's voluntary compliance.'"  ECF 31 at 27 (quoting ECF 25 ¶ 16).  In

fact, contrary to Plaintiffs' counsel's attempt to rewrite history by exclaiming "I never said that;

read my original complaint and the amended one," ECF 42 at 18, the FAC makes such a

concession at least *two other times*, *see* ECF 25 ¶ 87 ("[T]he disclosure was voluntary, not

---

[6] Additionally, the latter allegation was not alleged in the FAC, and so the Court may not consider it.  *See supra* n. 2.

subject to a 'judicial order or lawfully issued subpoena.'"); *id.* at ¶ 138 ("The College had other choices: citing academic freedom, freedom of speech and Title VI, or the College Principles of Mutual Respect to refuse voluntary compliance pending a subpoena… ."). Because "voluntary" means "[u]nconstrained by interference; not impelled by outside influence," *Voluntary*, *Black's Law Dictionary* (12th ed. 2024), the FAC concedes that SLC's compliance with the Committee's letters was not "impelled" (or compelled) by the Committee or any other outside party. The Court should therefore credit this concession like Judge Goldberg did in *Fakhreddine*, or, at the very least, decline to accept any contrary allegation of coercion, *see Reid v. United States*, No. 19-cv-1221, 2020 WL 3256331, at *6 (E.D.N.Y. June 15, 2020) ("Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." (citations omitted)).

Finally, Plaintiffs wholly fail to respond to several of Congressional Defendants' arguments, such as how under Plaintiffs' logic, a private party's compliance with any government request for information about its ongoing activities would turn those activities into state action because the recipient would be "leaning in" to coercion. *See* ECF 42 at 16-18. Or how there is no specific allegation in the FAC that SLC instituted any disciplinary proceeding against Plaintiffs in response to any of the Committee's letters. Thus, as pled, their First Amendment claim fails.

## CONCLUSION

For the foregoing reasons, Count I should be dismissed.

11

Respectfully submitted,

*/s/ Matthew B. Berry*
MATTHEW B. BERRY
    *General Counsel*
TODD B. TATELMAN
    *Deputy General Counsel*
ANDY T. WANG
    *Associate General Counsel*
KENNETH C. DAINES
    *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
matthew.berry@mail.house.gov

*Counsel for Congressional Defendants*

June 10, 2026

12

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on June 10, 2026, I caused the foregoing document to be filed via this

Court's CM/ECF system, which I understand caused service on all registered parties, and one

courtesy hard copy of this document to be mailed to the below address pursuant to the Court's

Individual Rules of Practice 1.E and 2.B.ii:

> Chambers of The Honorable Cathy Seibel
> U.S. District Judge for the Southern District of New York
> The Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse
> 300 Quarropas Street
> Room 633
> White Plains, NY 10601-4150

I further certify that the foregoing document contains 3,497 words, which is compliant with

Local Civil Rule 7.1(c).

/s/ *Matthew B. Berry*
Matthew B. Berry