UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUZANNE GARDINIER, MAEVE AICKIN, NAZIRA
ATALLA, EMILY CARLISLE, SANA CHEEMA, VEGA
BARRADA GULLETTE, RIZIKI MBUGUA, LIAM
SHARIF MONTAGUE, LINCOLN RICHARDSON,
NORA TUCKER-KELLOGG, and NURAH
ABDULHAQQ,

                     Plaintiffs,

    -vs-

SARAH LAWRENCE COLLEGE, THE HOUSE
COMMITTEE ON EDUCATION AND THE
WORKFORCE and TIM WALBERG,

                     Defendants.

Case No.: 7:25-cv-06442-CS

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SARAH LAWRENCE
COLLEGE'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**HODGSON RUSS LLP**
*Attorneys for Sarah Lawrence College*
Joshua M. Agins
Molly F. Plewinski*
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ...................................................................................................................... 2

    I. PLAINTIFFS ABANDONED THEIR TITLE VI, NEW YORK HUMAN RIGHTS LAW, AND BREACH OF CONTRACT CLAIMS BY FAILING TO  MEANINGFULLY ADDRESS THE COLLEGE'S ARGUMENTS ......................................................... 2

    II. PLAINTIFFS' FIRST AMENDMENT CLAIM REMAINS DEFICIENT FOR THE REASONS IDENTIFIED BY THE COLLEGE ........................................................ 5

        A. Plaintiffs Have Not Met Their Burden to Establish Standing ......................................... 5

        B. Plaintiffs are not Entitled to Jurisdictional Discovery ...................................................... 9

        C. Plaintiffs Fail to Meaningfully Address the College's Argument that the Amended Complaint Does Not Plausibly Allege State Action ............................................................. 10

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Alterescu v. N.Y.C. Dep't of Educ.*,
2022 U.S. Dist. LEXIS 151763 (S.D.N.Y. Aug. 23, 2022) ......................................................2

*APWU v. Potter*,
343 F.3d 619 (2d Cir. 2003) ...............................................................................................6, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................................1, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................................1, 5

*Bond v. City of New York*,
2015 U.S. Dist. LEXIS 130922 (E.D.N.Y. Sept. 28, 2015).......................................................2

*BYD Co. v. VICE Media LLC*,
531 F. Supp. 3d 810 (S.D.N.Y. 2021),
*aff'd* 2022 U.S. App. LEXIS 5351 (2d Cir. Mar. 1, 2022) ......................................................4

*Carter v. HealthPort Techs., LLC*,
822 F.3d 47 (2d Cir. 2016).......................................................................................................5

*Coeur, Inc. v. Wygal*,
2021 U.S. Dist. LEXIS 176753 (W.D.N.Y. Sept. 16, 2021)......................................................7

*Consortium for Indep. Journalism, Inc. v. United States*,
2025 U.S. Dist. LEXIS 55654 (S.D.N.Y. Mar. 26, 2025) ......................................................10

*Cornelio v. Connecticut*,
32 F.4th 160 (2d Cir. 2022)....................................................................................................11

*Dunlap v. United States*,
2026 U.S. Dist. LEXIS 100671 (S.D.N.Y. May 6, 2026).........................................................6

*Fakhreddine v. Univ. of Pennsylvania*,
2025 U.S. Dist. LEXIS 16373 (E.D. Pa. Jan. 30, 2025)......................................................8, 10

*Golden v. NBCUniversal Media, LLC*,
2025 U.S. Dist. LEXIS 170833 (S.D.N.Y. Sept. 3, 2025).......................................................3

*Johnson v. Individual*,
 2026 U.S. Dist. LEXIS 61043 (W.D.N.Y. Mar. 23, 2026) ......................................................2

*Katz v. Donna Karan Co. Store, L.L.C.*,
 872 F.3d 114 (2d Cir. 2017) ......................................................................................................6

*Khalil v. Columbia Univ.*,
 2026 U.S. Dist. LEXIS 58267 (S.D.N.Y. Mar. 19, 2026) .................................................. 8, 11

*Kurmangaliyev v. Delta Airlines, Inc.*,
 2026 U.S. Dist. LEXIS 70108 (E.D.N.Y. Mar. 31, 2026) .................................................. 3, 11

*Lipton v. County of Orange*,
 315 F. Supp. 2d 434 (S.D.N.Y. 2004) ......................................................................................2

*Lugo v. City of Troy*,
 114 F.4th 80 (2d Cir. 2024) ......................................................................................................5

*Maione v. McDonald*,
 2025 U.S. Dist. LEXIS 187957 (S.D.N.Y. Sept. 18, 2025) ......................................................7

*McLeod v. Verizon N.Y., Inc.*,
 995 F. Supp. 2d 134 (E.D.N.Y. 2014) ......................................................................................3

*Molchatsky v. United States*,
 778 F. Supp. 2d 421 (S.D.N.Y. 2011) ......................................................................................9

*Nicholas v. Mason*,
 2023 U.S. Dist. LEXIS 236719 (Dist. N.H. Dec. 28, 2023) ..................................................11

*Reid v. Ingerman Smith LLP*,
 876 F. Supp. 2d 176 (E.D.N.Y. 2012) ......................................................................................3

*Thole v. U.S. Bank N.A.*,
 590 U.S. 538 (2020) ..................................................................................................................6

*Ventillo v. Falco*,
 2020 U.S. Dist. LEXIS 239540 (S.D.N.Y. Dec. 18, 2020) ......................................................4

**Statutes**

42 U.S.C. § 2000d .............................................................................................................. 3, 4, 5

**Rules**

Fed. R. Civ. P. 12(b)(1)..................................................................................................5, 9

Fed. R. Civ. P. 12(b)(6)...................................................................................................5

**Constitutional Provisions**

U.S. Const. amend. I ................................................................................................*passim*

**PRELIMINARY STATEMENT**

The majority of Plaintiffs' opposition to the College's motion to dismiss is irrelevant to the issues presented. Plaintiffs go on at length regarding the so-called "historical context," but they fail to explain its relevance to the dispositive legal issues. The gist of the "historical context," according to Plaintiffs, is that "Arab and Muslim litigants" are being "den[ied]" "access to justice" by successful motions to dismiss that allegedly misapply *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See generally* Dkt. 41 at 7-14.[1] By focusing almost entirely on empty rhetoric rather than substance, Plaintiffs ignored—and thus are deemed to concede—several dispositive points.

For example, Plaintiffs continue to ignore that they fail to state a claim under Title VI because the gravamen of their claim is alleged infringement on *speech.* Indeed, the makeup of the Plaintiff group—and their many explicit allegations regarding "free speech" principles—confirms they are not seeking redress for injuries related to their ethnicity or religion, but rather, for the alleged suppression of their pro-Palestine/anti-Israel viewpoint. Plaintiffs' opposition fails even to address—much less substantively rebut—the College's many arguments as to the deficiencies in their Title VI, New York State Human Rights Law, and contract claims, all of which are effectively abandoned by Plaintiffs.

As for Plaintiffs' First Amendment claim, Plaintiffs lack standing because the College has not disclosed their identities to the Committee—a fact that is supported by the motion record evidence. Contrary to Plaintiffs' assertions, once confronted with the College's evidence, their continued reliance on speculative allegations that the College *may have* disclosed their identities

---

[1] Citations to page numbers of docket documents refer to the page number stamped in blue at the top of the page by the ECF system.

is insufficient to show standing by a preponderance of the evidence. Plaintiffs were required to submit their own evidence sufficient to controvert the College's evidence. They failed to do so. The motion record evidence dispositively establishes Plaintiffs' lack an injury in fact. Plaintiffs' First Amendment claim therefore must be dismissed for lack of standing.

But even if Plaintiffs had established standing, their First Amendment claim still fails because they have not plausibly alleged state action. As in the *Fakhreddine v. Univ. of Pennsylvania* case, Plaintiffs' allegations confirm that the College's partial compliance with the Committee's document requests was entirely voluntary. This forecloses any finding of state action. Plaintiffs' First Amendment claim must therefore be dismissed along with their discrimination, retaliation, and breach of contract claims.

## **ARGUMENT**

I.     **PLAINTIFFS ABANDONED THEIR TITLE VI, NEW YORK HUMAN RIGHTS LAW, AND BREACH OF CONTRACT CLAIMS BY FAILING TO MEANINGFULLY ADDRESS THE COLLEGE'S ARGUMENTS**

"[C]ourts in this circuit have held that a plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of the applicable claims." *Bond v. City of New York*, 2015 U.S. Dist. LEXIS 130922, *19 (E.D.N.Y. Sept. 28, 2015); *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (a "court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed") (collecting cases); *see also Johnson v. Individual*, 2026 U.S. Dist. LEXIS 61043, *17 (W.D.N.Y. Mar. 23, 2026) ("when a defendant's motion to dismiss raises arguments that plaintiff fails to address, plaintiff is deemed to have conceded the point") (quotation omitted). "This is true whether the procedural posture is a motion to dismiss or a motion for summary judgment." *Alterescu v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 151763, *8 (S.D.N.Y. Aug. 23, 2022).

When claims "are not defended," they are "deemed abandoned," and "routinely dismiss[ed] with prejudice" "at the motion to dismiss stage." *Id.*

Plaintiffs' opposition entirely ignores the College's arguments for dismissal of the breach of contract and New York Human Rights Law claims. *See* Dkt. 34 at 38-42. In fact, Plaintiffs never mention either claim. The words "contract" and "Human Rights Law" appear nowhere in Plaintiffs' opposition papers. Plaintiffs' failure to address these claims constitutes abandonment, and the claims must be dismissed. *See, e.g.*, *McLeod v. Verizon N.Y., Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (holding "claim should be considered abandoned" where "[t]he Petitioner did not address the Respondent's arguments in his opposition papers"); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) (granting motion to dismiss where plaintiff "d[id] not address [defendants' dismissal] argument in her opposition brief").

The same is true of Plaintiffs' Title VI claims. First, Plaintiff Gardinier failed to respond to the College's showing that her claims under Title VI are barred by 42 U.S.C. § 2000d-3. *See* Dkt. 34 at 28. She thus concedes the point and her Title VI claims must be dismissed on this basis. *See, e.g.*, *Golden v. NBCUniversal Media, LLC*, 2025 U.S. Dist. LEXIS 170833, *20 (S.D.N.Y. Sept. 3, 2025) ("by not responding to [defendant's] motion to dismiss, [plaintiff] has waived any opposition").

Second, Plaintiffs did not respond to the College's argument for dismissal of their Title VI retaliation claim, which was not even clearly asserted in the first instance. *See* Dkt. 34 at 37-38. That claim, to the extent it was even asserted, is deemed abandoned. *See, e.g.*, *Kurmangaliyev v. Delta Airlines, Inc.*, 2026 U.S. Dist. LEXIS 70108, *6-7 (E.D.N.Y. Mar. 31, 2026) ("Plaintiff fails to specifically respond to any argument advanced by Defendant and, thus, concedes their validity.").

Third, Plaintiffs do not respond in any meaningful way to the fact that viewpoint is not protected under Title VI. Plaintiffs pay lip service to this issue by merely copying and pasting paragraphs from the Amended Complaint (*compare* dkt. 41 at 21, *with* dkt. 25, ¶¶ 125-130) and asserting in conclusory fashion that "[v]iewpoint discrimination and Title VI are not siloed; they overlap." Dkt. 41 at 21. But Plaintiffs utterly fail to address the relevant case law holding viewpoint is not protected under Title VI, and Plaintiffs offer no case law supporting their novel contention that a self-described viewpoint discrimination claim is actionable under Title VI.[2] Plaintiffs have thus failed to respond to the College on this point and effectively conceded the argument. *See, e.g.*, *Ventillo v. Falco*, 2020 U.S. Dist. LEXIS 239540, *33 (S.D.N.Y. Dec. 18, 2020) ("[a]s Plaintiff did not respond to Defendants on this point, he effectively conceded the arguments by his failure to respond") (quotation omitted).

Fourth, with respect to Plaintiffs' blatant failure to plausibly allege *intentional* discrimination (dkt. 34 at 29-37), Plaintiffs make no attempt to address this deficiency. Entirely absent from their opposition is any discussion of how the disciplinary hearings were discriminatory or how the College was deliberately indifferent to severe, pervasive, and objectively offensive harassment. *See* Dkt. 34 at 29-37. Plaintiffs' failure to respond to or oppose these arguments results in waiver of these issues. *See BYD Co. v. VICE Media LLC*, 531 F. Supp. 3d 810, 819 (S.D.N.Y. 2021), *aff'd* 2022 U.S. App. LEXIS 5351 (2d Cir. Mar. 1, 2022) (a plaintiff's "failure to oppose [a] specific argument in a motion to dismiss is deemed waiver of that issue") (quotation omitted).

---

[2] Plaintiff' failure to address this issue in a meaningful way is persistent. In its pre-motion letter, the College asserted that viewpoint is not protected under Title VI. Dkt. 9. As the Court noted at the pre-motion hearing, Plaintiffs ignored that issue in their own pre-motion letter (dkt. 16), and they have done so again here.

Plaintiffs' failure to oppose the College's motion to dismiss their Title VI, Human Rights Law, and breach of contract claims alone warrant dismissal of those claims. However, even if Plaintiffs' opposition could be construed as a meaningful response (it clearly is not), Plaintiffs have not plausibly pleaded any of those claims for the reasons set forth in the College's moving papers, and dismissal is warranted on those additional grounds. *See generally* Dkt. 34.

## II.    PLAINTIFF'S FIRST AMENDMENT CLAIM REMAINS DEFICIENT FOR THE REASONS IDENTIFIED BY THE COLLEGE

### A.    Plaintiffs Have Not Met Their Burden to Establish Standing

Citing *Iqbal* (556 U.S. 662) and *Twombly* (550 U.S. 544), Plaintiffs argue they have suffered, or may suffer, an injury in fact because the College may have produced, or might in the future produce, unredacted documents reflecting student names and identifying information. Contrary to Plaintiffs' misapplication of the governing standard, their conclusory allegations are not entitled to deference and credit over the sworn averments in the Silver Declaration.[3] Dkt. 41 at 15-21. Plaintiffs blatantly misconstrue their burden under Rule 12(b)(1).

"A Rule 12(b)(1) motion may be either facial or fact-based." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). On "a fact-based motion, the defendant can proffer evidence outside the pleadings to challenge the plaintiff's allegations of standing." *Id.* If the evidence submitted "reveal[s] the existence of factual problems in the assertion of jurisdiction," the "plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quotation omitted).

Thus, "[u]nlike a Rule 12(b)(6) motion, where the Court tests only the legal sufficiency of the well-pleaded allegations, when the defendant moves to dismiss under Rule 12(b)(1) and

---

[3] Declaration of Joanna Silver, dated April 20, 2026. Dkt. 35.

presents evidence beyond the pleading, . . . the plaintiff must 'come forward with evidence of their own to controvert that presented by the defendant.'" *Dunlap v. United States*, 2026 U.S. Dist. LEXIS 100671, *10 (S.D.N.Y. May 6, 2026), quoting *Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017). Contrary to plaintiffs' assertions, jurisdiction must be "shown affirmatively" by a "preponderance of the evidence," by the party asserting it, and such a "showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quotation omitted).

The Silver Declaration affirms the College "redacted all student names and identifying information in accordance with [FERPA]" (dkt. 35, ¶¶ 8-9) and squarely contradicts Plaintiffs' speculation that the College "furnished FERPA-protected documents to the Committee." Dkt. 25, ¶¶ 74, 170, 171, 183, 195, 214. Plaintiffs' assertion that they were "targeted for their ethnicity and views," "threatened by campus security," "harassed by Zionist peers," and "dragged into baseless student conduct proceedings" (dkt. 41 at 12) not only fails to connect the alleged injuries to the College's document productions (*see Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020) (injury must be "caused by the defendant")), but is mooted by the motion record: Plaintiffs cannot make such a connection because Plaintiffs' names and identifying information were redacted in documents supplied to the Committee. Dkt. 32, ¶ 13; Dkts. 32-2 to 32-3 and Dkts. 32-5 to 32-11 (producing documents "with information directly related to students redacted"); Dkt. 35, ¶¶ 7-9. The motion record also squarely contradicts Plaintiffs' allegations that the College may in the future disclose their names, identifying information, and/or disciplinary records in the future (*see, e.g.*, Dkt. 25, ¶ 113; *id.* at pg. 57) as Plaintiffs do not, and cannot, dispute that the Committee has no "pending or future requests for documents" for the College (dkt. 32, ¶ 14; dkt. 35, ¶ 6), and the

6

College "has no intention of producing any additional documents to the Committee in connection with this matter" (dkt. 35, ¶ 6).

The Committee's March 17 Report also dispels Plaintiff's speculative assertions. Dkt. 36-1 (Ex. C). The Report does not disclose student names or identifying information and it moots Plaintiffs' concerns about some speculative, hypothetical future disclosure. Dkt. 36-1 (Ex. C). Plaintiffs fail to address how their injury concern remains viable in light of the issuance of the Committee's Report.

Plaintiffs' reassertion of the allegations in the Amended Complaint (*compare* dkt. 25, ¶¶ 84-93, *with* dkt. 41 at 18-20) and the Gardinier and Cheema Declarations that merely reiterate the same speculation (dkt. 38, ¶¶ 6, 8; dkt. 39, ¶¶ 19-20, 23) are insufficient to controvert the College's evidence. *See, e.g.*, *Maione v. McDonald*, 2025 U.S. Dist. LEXIS 187957, *15 (S.D.N.Y. Sept. 18, 2025) (resolving factual disputes in defendants favor where "extrinsic evidence presented by Defendants [wa]s material" and plaintiffs "fail[ed] to present controverting evidence to disprove" the facts asserted by defendants); *Coeur, Inc. v. Wygal*, 2021 U.S. Dist. LEXIS 176753, *9 (W.D.N.Y. Sept. 16, 2021) (resolving "factual dispute in Defendants' favor [on] Rule 12(b)(1) motion" where defendant "presented evidence [] contradict[ing] Plaintiff's allegations" and plaintiff "relie[d] solely on its allegations set forth in the amended complaint"). Plaintiffs have not and cannot show they suffered an injury in fact from the College's past document productions to the Committee. Nor do Plaintiffs have a basis to assume future disclosure that would result in an injury in fact. Plaintiffs' failure to present "evidence of their own" that controverts the College's evidence means they have not met their burden, and their First Amendment claim must be dismissed.

In addition to the insufficiency of their evidence of standing, Plaintiffs' legal theory[4] likewise dooms their standing claim. Plaintiffs fail to meaningfully distinguish *Fakhreddine v. Univ. of Pennsylvania*, 2025 U.S. Dist. LEXIS 16373 (E.D. Pa. Jan. 30, 2025) ("*UPenn*"), which dismissed identical claims for lack of standing. *See* Dkt. 34 at 19. In fact, Plaintiffs admit "the case stands [] for the proposition that [plaintiffs there] did not plausibly plead standing." Dkt. 41 at 18 n.14. For the reasons set forth in the College's opening memorandum, the *UPenn* case therefore counsels in favor of dismissal of Plaintiffs' First Amendment claim here. Dkt. 34 at 19. Plaintiffs also do not address the many material distinctions between this case and *Khalil v. Columbia Univ.* (2026 U.S. Dist. LEXIS 58267 (S.D.N.Y. Mar. 19, 2026) ("*Columbia*"), which is inapposite here due to extreme circumstances that existed in *Columbia*. *See* Dkt. 34 at 19-21.

Finally, Plaintiffs' argument that they cannot meet their burden because the information they need is exclusively within the College's knowledge (dkt. 41 at 20-21) is unpersuasive. Plaintiff's counsel asserts he asked College counsel to "arrange a time . . . to inspect all FERPA-protected files" related to the Plaintiffs and "student conduct proceedings for pro-Palestinian expression" or the Committee letters, *but that he received "n[o] response."* Dkt. 41 at 20 n.15. That representation to the Court is demonstrably false.

Contrary to counsel's false representation, the College responded *in writing* to Plaintiffs' request, and confirmed it would make available Plaintiffs' education records and certain communications the College produced to the Committee upon a Plaintiff's submission of a form

---

[4] Plaintiffs totally miss the point on the issue of their self-disclosure. Dkt. 41 at 22. The very information that Plaintiffs allegedly fear being exposed was publicly and permanently disclosed when Plaintiffs filed the Complaint using their legal names and described their conduct. Plaintiffs' "choice not to proceed pseudonymously," whether because they thought such action was not "sustainable" (dkt. 41 at 22), or for some other reason, directly undermines their claim that a hypothetical future disclosure will cause them injury.

8

requesting the release of the information, per College policy. *See* Declaration of Joshua M. Agins, Esq., dated June 10, 2026, ¶¶ 3-4; Ex. F; Ex. G. As of the date of Plaintiffs' opposition, the College had not received a form from any Plaintiff.[5] Even if the requisite forms had been submitted, a review of the requested documents and communications would confirm what the College has stated all along: in the document productions made to the Committee, the College "redacted all student names and identifying information in accordance with [FERPA]." Dkt. 35 at ¶¶ 8-9; *see also* Dkt. 32, ¶ 13; Dkts. 32-2 to 32-3 and Dkts. 32-5 to 32-11.

Here, Plaintiffs have failed to establish standing by a preponderance of the evidence in response to the College's factual Rule 12(b)(1) motion. Plaintiffs' First Amendment claim must be dismissed on this basis.

**B.    Plaintiffs are not Entitled to Jurisdictional Discovery**

Plaintiffs assert that the "court has discretion to order limited discovery pertaining to subject matter in advance of deciding a motion to dismiss" (dkt. 41 at 23), but nowhere do Plaintiffs actually make a request for jurisdictional discovery, describe the discovery they seek, or describe how or why discovery would be relevant to the dispositive issues presented on this motion. Plaintiffs' assertion that the Court has discretion to order limited pre-motion discovery related to the issue of standing should not be construed as a request for discovery, and in any event, the request should be rejected because: (1) it is procedurally deficient; and (2) contrary to Plaintiffs' assertions, Plaintiffs had the opportunity to review their education records and certain communications but failed to seize that opportunity. Agins Dec., ¶ 4; Ex. G. *See Molchatsky v. United* States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011) ("A party seeking jurisdictional discovery

---

[5] The form is necessary per FERPA. The College cannot disclose Plaintiffs' education records to their attorney absent written permission from each Plaintiff.

. . . bears the burden of showing necessity."); *see, e.g.*, *APWU*, 343 F.3d at 627 (holding "district court acted within its discretion in declining to grant further discovery" where "Plaintiffs fail[ed] to articulate [] why such evidence is relevant" and "had ample opportunity to uncover and present evidence relating to the events bearing on the jurisdictional question").

### C.    Plaintiffs Fail to Meaningfully Address the College's Argument that the Amended Complaint Does Not Plausibly Allege State Action

Even if the Court finds standing exists or that Plaintiffs might arguably be entitled to limited discovery on that issue, any such pre-motion discovery is unnecessary because their First Amendment claim fails due to the absence of state action. *See* Dkt. 34 at 21-24. Liberally construing Plaintiffs' opposition, Plaintiffs make three superficial, discrete arguments in support of their claim that the College's voluntary compliance with the Committee's letters constituted state action. Each is easily rejected.

First, Plaintiffs state it was improper for the *UPenn* Court to determine "on a 12(b)(6) motion, that the . . . Committee's intervention with the University could not be coercive, because, the House Committee said *please*." Dkt. 41 at 18. Contrary to Plaintiffs' position, "[c]ourts routinely decide whether a plaintiff has sufficiently alleged state action as a matter of law at the Rule 12(b)(6) stage." *Consortium for Indep. Journalism, Inc. v. United States*, 2025 U.S. Dist. LEXIS 55654, *14 (S.D.N.Y. Mar. 26, 2025). And, the *UPenn* Court did not only consider the Committee's letter, but also considered plaintiffs' allegations describing the Committee's request as noncoercive. 2025 U.S. Dist. LEXIS 16373, *12. Here, like in *UPenn*, both the language of the Committee's letters and Plaintiffs' allegations confirm the College voluntarily cooperated with the Committee's requests. Dkt. 25, ¶¶ 138-39; Dkt. 35, ¶ 6 (the College did not produce student disciplinary records despite the Committee's request), ¶ 7 (the College made FERPA redactions despite the Committee's direction not to alter the documents); Dkt. 35-1 at 4 ("please produce the

10

following items"); Dkt. 35-2 at 5 ("please provide these documents"); *see also* Dkt. 31 at 9, 36 (describing the Committee's requests at "voluntary").

Second, Plaintiffs unpersuasively assert the "College gets *Khalil v. Columbia* wrong." Dkt. 41 at 21-22. Plaintiffs argue that *Columbia* "is clearly indistinguishable" but fail to explain why, and they fail to address the College's lengthy discussion of the many fundamental distinctions between the circumstances at Columbia and the circumstances at Sarah Lawrence. *See* Dkt. 34 at 23-24. Plaintiffs' reliance on the *Columbia* case should be rejected for the reasons set forth in the College's opening memorandum. Dkt. 34 at 23-24; *see generally Kurmangaliyev*, 2026 U.S. Dist. LEXIS 70108, *6-7 ("Plaintiff fails to specifically respond to any argument advanced by Defendant and, thus, concedes their validity.").

Third, Plaintiffs assert that "factual development" is needed to determine if "state action is constitutionally permissible." Dkt. 41 at 22. But this assertion assumes state action has been plausibly alleged—something Plaintiffs have failed to do. Both cases cited by Plaintiffs involve obvious state action by government entities. *See Cornelio v. Connecticut*, 32 F.4th 160 (2d Cir. 2022) (alleging Connecticut law violated First Amendment); *Nicholas v. Mason*, 2023 U.S. Dist. LEXIS 236719 (Dist. N.H. Dec. 28, 2023) (alleging New Hampshire statutes and regulations violated First Amendment). Without the involvement of state actors, and having failed to plausibly allege state action, Plaintiffs assertion that they are entitled to discovery to determine the "constitutionality" of the state action puts the cart before the horse.

For the reasons set forth in the College's opening memorandum, which Plaintiffs have failed to rebut, Plaintiffs' First Amendment claim should be dismissed for the additional reason that Plaintiffs have not alleged the College is a state actor.

11

## CONCLUSION

For the reasons set forth above, and those in the College's opening papers, the Amended

Complaint should be dismissed entirely and with prejudice as against Sarah Lawrence College.

Dated:  June 10, 2026                    **HODGSON RUSS LLP**

*Attorneys for Sarah Lawrence College*


By:     s/Joshua M. Agins
            Joshua M. Agins
            Molly F. Plewinski*
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700
jagins@hodgsonruss.com
mplewinski@hodgsonruss.com

*SDNY Admission Pending

12

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document contains 3,473 words, not including the cover page, tables of contents and authorities, or signature block, in compliance with Local Rule of Civil Procedure 7.1(c).

Dated: June 10, 2026                                          s/Joshua M. Agins
                                                                     Joshua M. Agins